Minshall, J.
The principal and only question in the case is, whether what is known as the Burns law, section 2702, Revised Statutes, is applicable to the improvements authorized by the acts of the legislature under which the village of Avondale proceeded in this case. If so, the judgment should *111 be affirmed; otherwise, it should be reversed, and that of the common pleas affirmed, for we see no other reason in the record for which the judgment of the latter should have been reversed. After a careful consideration of the question we are satisfied that the circuit court erred. The proceedings for the improvement were taken under the statutes referred to in the statement, and the village of Avondale is within the statutes. There is no ground for saying that their provisions were not complied with in every respect, unless the Burns law applies to improvements made under these statutes. It is claimed 'that it does, and is made to apply by the following clause in the act of 1891: “And the provisions of the statutes in relation to authorizing and making street improvements, levying and collecting taxes and assessments therefor, and the limitations imposed, and in so far as said provisions are applicable, except as modified by this act, shall govern and control the council and lot owners in respect to such improvements.” This provision has many subjects for application that are consistent with the statute without making it necessarily include the provisions of section 2702; and it should be observed, that the “limitations imposed” by the general statutes are to apply only so far as they are “applicable,” and not “modified by this act.”
Are, then, the provisions of this section applicable. Omitting some of the verbiage, it is as follows:
“No contract, agreement or other obligation involving the expenditure of money shall be entered into, nor shall any ordinance, resolution or order for the appropriation or expenditure of money, be *112 passed by the council or by an3T board or officer of a municipal corporation, unless the * * * clerk thereof shall first certify that the money required for the contract, agreement or other obligation, or to pay the appropriation or expenditure, is in the treasury to the credit of the fund from which it is to be drawn, and not appropriated for any other purpose, * * * and all contracts, agreements or other obligations, and all ordinances, resolutions and orders entered into or passed contrary to the provisions of this section shall be void ; * * * 11
It will be observed that, under the statute, when the requisite number of owners, of the feet front of a proposed improvement petition the commissioners, and they have made an investigation, adopted a grade and plan, ascertained the probable cost, and recommended the making of the improvement, “the council shall order the same to be made.” These acts, particularly the order of the council, that the improvement be made, fixes an indebtedness for the entire cost of the improvement, one-half as an assessment on the property benefited and the other half on the general taxpayers of the village. It is against the fixing of an indebtedness on the corporation without the money being in the treasury to meet it, that the Burns law is designed as a protection. Hence, it cannot apply to the act in question, for it would prohibit the council from making the order that the improvement be made — if not all the initiatory steps required by the law. How could any action be taken for the issue of bonds under the fourth clause of the section, until the order for the improvement had been made; and yet, if the Burns law is applicable, this order cannot be *113 made until the money from the bonds and assessments are in the treasury. It may be said that the indebtedness is not created until a contract for the improvement is made. It is true that it does not exist in favor of any particular creditor, nevertheless, on making the order the successive steps' — the advertisement for bids, action on them, the letting of the work and making of the required contract — all follow as a necessary sequence under the statute. If the council should refuse to take any of these steps without cause, it could be compelled by mandamus to do so. Hence, if the Burns law can have any application to this statute, according to its spirit it must apply to the order of the council that the improvement be made. It is this order that fixes and entails the indebtedness upon the corporation. It is in fact an order for the expend-i ture of money. Therefore the Burns law cannot apply to this statute as it would render the statute nugatory. The plain purpose of the Burns law was to prevent the incurring of an indebtedness by ■ a municipal corporation beyond the ordinary resources of its revenue and whereby an annual excess of indebtedness will be created over these revenues. But it has not the vigor of a constitutional provision, and cannot therefore apply to a statute that not only authorizes the making of a particular kind of improvement, but also provides the mode and manner in which the funds are to be raised to defray the costs and expense of it. Under this statute the burden of the taxpayer will neither be increased nor diminished. . by the time when the contract is let for the work of the improvement. The making of the contract has reference, for its performance on the part of the village, to a fund to be raised by taxation and *114 assessment, authorized by the act for the particular purpose, and which can be applied to no other. These considerations show the inapplicability of the Burns law to improvements made under a statute like the one in question. Where a contract is made to be discharged from a general fund, that may be applied to a variety of purposes, more obligations may be incurred by way of anticipation than can be discharged from it, thus causing’ an annual deficit, to meet which increased taxation must be resorted to. Hence the wisdom of the Burns law, which in such cases, requires that the money must be in the treasury, applicable to the particular expenditure before it is made. Here, however, the fund to be raised is appropriated by the statute to a particular improvement; and all taxation and assessment authorized^ must be limited to the costs and expenses of the improvement. All the limitations in this regard are in the statute. The bonds to be issued shall not exceed twelve and a half per centum of the total tax valuation of the property of the village; shall be made payable in thirty years and bear interest at a rate not to exceed four per centum.
It is a rule constantly observed in the construction of statutes, that where the general provisions of a statute conflict with the more specific provisions of another, or are incompatible with its provisions, the latter is to be read as an exception to the former. Thus in State ex rel. v. McGregor, 44 Ohio St., 628, 631, it was held that the provisions of section 1208, Revised Statutes, providing that a vacancy in the office of sheriff should be filled by appointment for the unexpired term, should be be read as an exception to the general provisions of section 11, Revised Statutes, requiring vacan *115 cies in elective offices to be filled by election at the next proper election, occurring more than thirty days after the vacancy happens. In The Dean of Ely v. Bliss, 5 Beav., 574, 582, it is said: “That if two inconsistent acts be passed at different times, the last is to be observed, and if obedience cannot be observed without derogating from the first, it is the first that must give way. Every act of parliament must be considered with reference to the law subsisting when it came into operation and when it is to' be applied; it cannot otherwise be rationally construed.' Every act is made either for the purpose of making’ a change in the law, or for the purpose of better - declaring the law, and its operation is not to be impeded by the mere fact that it is inconsistent with some previous enactment. ’ ’ This ease was cited and approved in Knox County v. McComb, 19 Ohio St., 345; and has been frequently applied in this state. In Isham v. Bennington Iron Co., 19 Vermont, 240, Redfield, J., said: ‘ ‘I know of no rule of construction of statutes of more uniform application than that later or more specific statutes do, as-a general rule, supersede former and more general statutes, so far as the new and specific provisions go.”-
If then the Burns law were not specifically excluded from application to this act, which we think it is, by the language, “in so far as said provisions are applicable, except as modified by this act,” still, being incompatible with its provisions, it does not apply, and the latter statute must be read as an exception to it.
Judgment reversed and common pleas affi/rmed.